```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JOHN B. HEDRICK,

    Plaintiff

v.                           CIVIL ACTION NO. 2:05-753

CHUBB INDEMNITY INSURANCE
CO.; CHUBB NATIONAL INSURANCE
CO.; GE INSURANCE SOLUTIONS;
CHUBB & SONS,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendants Chubb Indemnity Insurance Company, Chubb National Insurance Company, and Chubb & Son Claims (collectively the "Chubb defendants")[1] filed October 5, 2005, seeking a stay pending the resolution of the underlying litigation against their insured,

---

[1] In their motion to stay, the Chubb defendants note they are not proper parties to this lawsuit, as Federal Insurance Company ("Federal") is the entity that issued one of the policies made subject of plaintiff's complaint and, therefore, is the proper party defendant. The Chubb defendants further note that should this Court deem the Chubb defendants as proper parties, this motion to stay should be deemed filed on behalf of the Chubb defendants as well as Federal Insurance Company. The court declines to address this issue at this time. As Federal Insurance Company is not yet a named party in this action, the court ORDERS the motion to stay be, and it hereby is, deemed filed on behalf of the Chubb defendants.

1

Columbia Forest Products, Inc. ("Columbia"), which is currently pending in the Circuit Court of Raleigh County, West Virginia. Also pending before the court is the motion of defendant GE Insurance Solutions, filed October 19, 2005, seeking a stay on identical grounds.

I.

Currently pending in the Circuit Court of Raleigh County, West Virginia is a civil complaint in an action styled <u>John Hedrick, et al. v. Columbia West Virginia Corporation</u>, Civil Action No. 05-C-262-B ("underlying complaint"). The underlying complaint alleges that Columbia trespassed upon the plaintiff's property and removed timber without permission or authorization. During the time period Columbia is alleged to have trespassed and removed the timber, Columbia was insured, for different policy periods, by two separate insurance companies, Federal and Coregis Insurance Company ("Coregis").[2] Both Federal and GE are currently defending Columbia in the underlying action.

On July 7, 2005, plaintiff filed a separate third-party bad faith action against the Chubb defendants and GE asserting

---

[2]Coregis is not a named party in this action, as GE Insurance Solutions ("GE") is a third-party administrator for and on behalf of Coregis.

2

claims of unfair trade practices in relation to their handling of the claims against the insured, Columbia.  On September 12, 2005, the Chubb defendants and GE removed the case on diversity grounds.  On October 5, 2005, and October 19, 2005, the Chubb defendants and GE moved to stay this action pending the resolution of the underlying action.  Plaintiff did not respond.

## II.

Under West Virginia law, claims against the insurer for alleged violations of the Unfair Trade Practices Act or bad faith may be joined in the underlying personal injury action against the insured; however, claims against the insurer should be stayed until resolution of the underlying action.  <u>State ex rel. State Farm Fire & Cas. Co. v. Madden</u>, 451 S.E.2d 721 (W. Va. 1994). Explaining its decision, the court in <u>Madden</u> expressed concern that permitting the claims to proceed simultaneously would unfairly prejudice the insured as it would entail discovery of the insurer's file.  <u>Id.</u> at 726.

Inasmuch as the underlying tort action against the insured remains pending in state court, the instant case against the insurer should be stayed pending resolution of the underlying claim against the insured.  It is, accordingly, ORDERED that:

1. Defendants' motions to stay be, and hereby are, granted;

2. The scheduling conference scheduled for Friday, November 18, 2005, be, and it hereby is, cancelled;

3. The parties be, and hereby are, required to submit to this court, within 10 days of the resolution of the underlying claim, a Rule 26(f) report.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: November 16, 2005

John T. Copenhaver, Jr.
United States District Judge

**4**